**UNITED STATES of America,**
**Plaintiff/Respondent,**

v.

**Charles R. EICKLEBERRY,**
**Defendant/Petitioner.**

No. 91–30064.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 29, 1998.

Colin Bruce, Urbana, IL, for plaintiff.

Charles Eickleberry, Oxford, WI, for defendant.

### OPINION

RICHARD MILLS, District Judge.

Enough is enough!

Petitioner is entitled to his day in Court but not to someone else's day as well.

On December 9, 1991, Petitioner pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and to carrying or using a firearm in relation to or during a drug offense in violation of 18 U.S.C. § 924(c). On May 11, 1992, the Court sentenced Petitioner to a term of imprisonment of 352 months consisting of 292 months for the conspiracy to distribute cocaine conviction and a consecutive mandatory 60 months sentence for the firearm conviction.

Petitioner did not appeal either his convictions or his sentence. Rather, on August 20, 1996, Petitioner filed a petition to vacate, set aside, or correct his sentence. After a hearing, the Court denied his petition.

Since his sentencing hearing, Petitioner has filed numerous frivolous pleadings, petitions, and motions with the Court, including the following:

1. Motion to modify sentence pursuant to Federal Rule of Criminal Procedure 35(b);

2. Motion for return of personal property;

3. Motion to reconsider motion for return of personal property;

4. Motion for transcripts;

5. Motion for Grand Jury transcripts;

6. Motion for copies of any Court minutes;

7. Motion power to subpoena;

8. Motion for Order for the Court to issue subpoenas;

9. Motion to compel the Government to answer admissions and produce all requested discovery;

10. Motion for bail;

11. Motion for hearing to enlarge prisoner to bond;

12. Motion for reconsideration of the Court's denial of his § 2255 petition;

13. Motion to vacate judgment;

14. Motion for Order under Local Rule 7.1

15. Motion for Order regarding Federal Rule of Civil Procedure 8(b);

16. Motion for entry of default;

17. Motion for leave to file additional support for motion for evidentiary hearing;

18. Motion to proceed *in forma pauperis* (several);

19. Motion for appointment of counsel (several).

The Court denied all of the above-listed motions.

Regardless of the merits of Petitioner's filings, each filing required a ruling by this Court, thereby wasting the Court's scarce judicial resources. For example, Petitioner's instant motion is wholly without merit. Petitioner has filed his motion in his criminal case, yet he has based his motion upon a Federal Rule of Civil Procedure. The Court has previously advised Petitioner that the Federal Rules of *Civil* Procedure have no application in a criminal case.

Not only has Petitioner wasted this Court's time and resources, but he has also wasted the time and resources of the United States Court of Appeals for the Seventh Circuit. Each time that this Court denied one of Petitioner's frivolous motions, he has immediately appealed the decision to the Seventh Circuit. Petitioner files his notices of appeal regardless of the merits, justifications, or jurisdictional basis for doing so. Each of these appeals have been rejected out of hand by the Seventh Circuit but have, nevertheless, wasted judicial resources. In fact, Petitioner currently has two different consolidated appeals pending before the Seventh Circuit.

Finally, what is most shocking to this Court is the fact that Petitioner has already received the relief which he to this day continues to request![1] In all of his motions, Petitioner, either directly or indirectly, has asked the Court to reduce his sentence based upon the substantial assistance which he has provided to the Government. Initially, the Government took the position that Petitioner had not provided assistance sufficient to warrant a motion for a downward departure in his sentencing guideline range pursuant to Federal Rule of Criminal Procedure 35(b).

However, on April 13, 1998, the Government made a motion for a downward departure in Petitioner's sentencing guideline range pursuant to Rule 35(b). On April 21, 1998, the Court allowed the Government's motion and reduced Petitioner's sentence from 352 to 282 months. When the Court allowed the Government's motion and reduced Petitioner's sentence based upon his substantial assistance, it in effect, mooted all of Petitioner's claims and arguments based upon his substantial assistance.

Yet, Petitioner continues to asks for something which he has already received. The Court will no longer tolerate Petitioner's shenanigans and will no longer continue to

---

**1.** Petitioner's instant motion is based upon the Government's failure to acknowledge his substantial assistance.

spend its time and energy considering Petitioner's meritless pleadings.

Petitioner has been forewarned. Although Petitioner is entitled to his day in Court, he has had it; he is not entitled to someone else's day. Any further frivolous filing by Petitioner will result in an Order from this Court banning Petitioner from any future filings without express leave of the Court.

*Ergo*, Petitioner's Motion under Federal Rule of Civil Procedure 60(b)(3) is DENIED. Petitioner is hereby placed on notice that the next frivolous document which he files with the Court will result in an Order from the Court prohibiting him from filing any further documents, motions and/or pleadings in any United States District Court without prior approval of that District Court.